UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JANE DOE, by her Natural Guardian and Legal Representative, FATHER DOE, <br><br> Plaintiff, <br><br> v. <br><br> PAUL HERMAN, Individually; CYNTHIA MCBRIDE, Individually; NATE SPITULSKI, Individually; and BERKELEY COUNTY SCHOOL DISTRICT, <br><br> Defendants. | C/A No.: 2:15-cv-04757-DCN <br><br><br> **COMPLAINT** <br> (Jury Trial Demanded) |

Plaintiff, Jane Doe, by her Natural Guardian and Legal Representative Father Doe, and through the undersigned attorneys, complains of the above-named Defendants and alleges the following:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(3), personal jurisdiction over the parties, and venue is proper under 28 U.S.C. § 1391(b).

2. Jane Doe ("Plaintiff") is a citizen and resident of Dorchester County, South Carolina. Because Plaintiff is a minor under the age of eighteen (18) and a victim of criminal sexual conduct and harassment, she is referred to in this public filing by pseudonym to maintain the confidentiality of her identity pursuant to S.C. Code Ann. § 16-3-370, which prohibits publication of the names of victims of criminal sexual conduct. Plaintiff is represented in this action by her natural guardian and legal representative Father Doe in accordance with Rule 17(c), FRCP. Father Doe's identity

1

is referred to in this filing by pseudonym to maintain the confidentiality of Plaintiff's identity. Defendant will be informed of the identity of Plaintiff by separate communication upon agreement or order to maintain confidentiality of that information in discovery and as to the public record.

3.     Paul Herman ("Herman") was an Assistant Principal at Goose Creek High School for the 2014-2015 school year and is, upon information and belief, a citizen and resident of Berkeley County, South Carolina. This action is filed against Herman in his individual capacity.

4.     Cynthia McBride ("McBride") is an Assistant Principal at Goose Creek High School for the 2014-2015 school year and is, upon information and belief, a citizen and resident of Berkeley County, South Carolina. This action is filed against McBride in her individual capacity.

5.     Nate Spitulski ("Spitulski") is an Assistant Principal at Goose Creek High School for the 2014-2015 school year and is, upon information and belief, a citizen and resident of Berkeley County, South Carolina. This action is filed against Spitulski in his individual capacity.

6.     Berkeley County School District ("BCSD") is a public school system. It is owned and operated by the State of South Carolina. BCSD operates and controls Goose Creek High School in Goose Creek, South Carolina. BCSD had knowledge that Goose Creek Assistant Principal Paul Jette Herman ("Herman") demonstrated a prurient sexual interest in Plaintiff and adolescent females and engaged in inappropriate and unlawful acts with Plaintiff on the premises at Goose Creek High School in the 2014-2015 school year yet failed to institute corrective measures.

7.     At the various times giving rise to the separate occurrences set forth in this Complaint, Herman, McBride, and Spitulski were acting individually and under the color of state law within the official course and scope of their duties as officers, agents, servants, and/or employees of the Berkeley County School District.

8.     At the various times giving rise to the separate occurrences set forth in this Complaint, Herman, McBride, Spitulski, and BCSD's conduct deprived Plaintiff of rights and privileges secured by the United States Constitution and federal statutes including Plaintiff's substantive due process right to be free from state actor conduct that deprives an individual of bodily integrity, her right to be free from a hostile educational environment under the Equal Protection Clause of the Fourteenth Amendment, and freedom from sexual harassment under Title IX of the 1972 Education Amendments, 20 U.S.C. § 1681(a).

## FACTUAL BACKGROUND

### A.     Herman's employment with BCSD and sexual battery of Plaintiff

9.     Since 2006, BCSD employed Paul Jette Herman at its schools. Beginning in 2012, BCSD employed Herman as an Assistant Principal at Goose Creek High School in Goose Creek, South Carolina. BCSD placed Herman, a thirty-six (36) year old male, in a position of authority and control over students at the high school. For all BCSD employees including Herman BCSD Staff Conduct Policy mandates that:

> All employees will maintain a professional relationship with students at all times, both inside and outside of school. No employee may engage in inappropriate conduct of a sexual nature with a student at any time. This includes any action of conduct communicated or performed in person, in writing, or electronically through such means as a telephone, cell phone, computer, personal data assistant or other telecommunication device, including text messaging, instant messaging and social networking.

BCSD Policy GAGA Staff Conduct- Issued 8/28/07; Revised 5/26/09.

10.     As Assistant Principal, Herman's duties included providing leadership and assistance in the daily operations and logistics of Goose Creek High School, assisting with enforcing discipline among students and establishing an appropriate atmosphere for maximal student learning. Herman's duties also included assisting the principals with other daily school administrative

3

functions and ensuring student and staff adherence to school and BCSD policies, regulations, and goals. Herman's job duties as directed by BCSD required that he professionally engage himself in student supervision and discipline at Goose Creek High School.

11. To promote BCSD employee daily supervision and discipline of students at Goose Creek High School, BCSD enacted and had in effect policies and procedures governing employee-student interaction for the 2014-2015 school year. Under these policies, types of behavior that constituted inappropriate employee conduct of a sexual nature with students at Goose Creek High School included:

> [I]nappropriate sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature including but not limited to:
>
> - Engaging or participating in any dates, sexual activity, or other activity which contains sexual or romantic overture;
>
> - Leering at a student's body;
>
> - Touching, grabbing, and/or pinching;
>
> - Making comments, gestures, or jokes of a sexual nature;
>
> - Manipulating clothing in a sexual manner;
>
> - Displaying sexual pictures or objects;
>
> - Spreading rumors or commenting about sexual behavior;
>
> - Teasing and/or bullying in sexual terms;
>
> - Inflicting sexual assault or abuse; or
>
> - Any other behavior by an employee toward a student that would reasonably cause the student to feel uncomfortable or that would reasonably give the appearance of impropriety or unprofessional conduct, regardless of whether the behavior is overtly sexual and regardless of whether such behavior would constitute a crime.

BCSD Policy AR GBAA-R Employee Sexual Discrimination and Harassment- Issued 3/8/05; Revised 7/10/07.

4

12.     In or around the beginning of the Goose Creek High School 2014-2015 school year, Plaintiff, a sixteen (16) year student at Goose Creek High School, became aware of Herman. Herman engaged Plaintiff in conversation and would compliment her on her clothing and appearance in between and after her classes. Herman established an informal relationship with Plaintiff to develop her trust in him and isolate Plaintiff at Goose Creek High School for his own prurient sexual interest.

13.     Herman used his age and position of authority as Assistant Principal at Goose Creek High School to induce Plaintiff into believing that he was a caring, trusting, and thoughtful individual.

14.     By December 2014, Herman's misconduct toward Plaintiff and prurient sexual interest in her was plainly visible to some BCSD administration and staff. Between December 2014 and February 2015 Herman engaged in the following public behaviors at Goose Creek High School to advance his prurient sexual interest in Plaintiff:

   i.   Herman repeatedly directed Plaintiff into his office in order to act upon his prurient sexual interest in her. Herman kissed Plaintiff and touched her all over her body on multiple occasions in his office during and after school;

   ii.  Herman frequently replaced other administrators and teachers to supervise student activity involving Plaintiff at school and extra-curricular activities to leer at her body. Herman offered no professional or rational basis for accepting job duties he was not assigned;

   ii.  Herman engaged Plaintiff in personal conversations and made comments of a sexual nature to her in public settings on the Goose Creek High School premises such as the school cafeteria, courtyard, and hallways on a daily basis in plain view of other school administrators;

   iii. Herman excused Plaintiff from her classes on multiple occasions in a month offering no disciplinary or educational purpose for the excuse;

   iv.  Herman habitually waited outside of Plaintiff's classrooms to see her and speak with her in the school hallways when she exited class; and

      v.      Herman regularly watched Plaintiff on the school's surveillance security cameras to track her movement and location within the school.

15. Without knowledge of his true motivations, and as a result of Plaintiff's inexperience and innocence in maintaining intimate relationships, Plaintiff agreed to isolate herself with Herman in private settings at Goose Creek High School.

16. On December 18, 2014, Herman confessed his sexual attraction to Plaintiff and stated to her "If this were to ever get out no one would believe you…I'm nice to everyone. They would all testify to that."

17. Herman used his age and position of authority and control over Plaintiff to advance his prurient sexual interest in her. Herman informed Plaintiff that he would change her school grades so as to avoid Plaintiff's parents taking Plaintiff's phone from her if her academic performance fell below her parents' standards. He also threatened to suspend male students who spoke to Plaintiff from the school. On multiple occasions, Plaintiff was forced to make excuses for refusing to engage Herman in a private setting or engage in sexual behavior with Herman at the school.

18. On Friday, February 20, 2015, Herman isolated Plaintiff in his office and engaged in sexual battery with Plaintiff in violation of S.C. Code Ann. § 16-3-755(b). Herman's actions are shocking to the conscience and have predictably caused Plaintiff to suffer physical, emotional, and sexual harm and severe pain and distress.

19. Herman proceeded to again engage in sexual battery toward Plaintiff in violation of S.C. Code Ann. § 16-3-755(b). Again, Herman's actions caused Plaintiff to suffer physical, emotional, and sexual harm and severe pain and distress.

20. Throughout January and February 2015, Herman communicated with Plaintiff by telephone. He repeatedly transmitted text messages of sexual and other inappropriate subject matter to Plaintiff, including lewd text photographs of his person. Father Doe learned of this

communication on Saturday, February 21, 2015, and reported Herman to the Berkeley County Sheriff's Office on Monday, February 23, 2015.

21. On Tuesday, February 24, 2015, Herman was arrested by the Berkeley County Sheriff's Office and charged with sexual battery with a student 16 or 17 years of age with no aggravated force or coercion, Indictment No.: 0000GS08. He was released on a $100,000.00 personal recognizance bond, Bond I.D. No.: 2015BD0810201022, and awaits disposition of the charge while the criminal proceeding is pending.

### B. BCSD administration contribution to Herman's misconduct with Plaintiff.

22. McBride was employed as the Athletic Director and Assistant Principal at Goose Creek High School throughout the 2014-2015 school year. As a school administrator, BCSD policy required that McBride be knowledgeable of the district's procedures regarding sexual harassment and inappropriate conduct of a sexual nature and to understand how to address and/or investigate complaints.

23. In addition, BCSD policy mandates that administrators as immediate supervisors investigate and address incidents or reports of sexual harassment or inappropriate conduct of a sexual nature toward a student. All administrators are required to initiate in investigation of any incident of sexual harassment or inappropriate conduct of a sexual nature observed by them.

24. As Assistant Principal, McBride was invested by BCSD with the duty to supervise all employees, including Herman, and possessed the authority and ability to immediately confer with the superintendent and/or take immediate action with respect to Herman and staff misconduct concerns.

25. Throughout the 2014-2015 Goose Creek High School year, McBride observed Herman engage in the discrimination and harassment of Plaintiff by targeting her in intimate conversations

and engaging in other inappropriate conduct on multiple occasions at Goose Creek High School. Before Herman sexually battered Plaintiff, McBride acknowledged Herman's inappropriate behavior with Plaintiff to Herman and Plaintiff herself but took no action.

26. In complete disregard of BCSD policy as a result of her individual action and personal motivations, McBride never reported Herman's conduct toward Plaintiff, never initiated an investigation into Herman's conduct toward Plaintiff, declined to take any steps to remedy Herman's harassment of Plaintiff at Goose Creek High School, failed to report any misconduct concerns to the superintendent, and allowed Herman's harassment of Plaintiff to continue unchecked. As an administrator at Goose Creek High School, McBride contributed to Herman's harassment and discrimination of Plaintiff in an academic setting because McBride made jest of Herman's conduct toward Plaintiff and perpetuated an environment in which Herman's actions toward Plaintiff could continue unchecked.

### C. BCSD tacit authorization of Herman's misconduct toward Plaintiff.

27. Spitulski was employed as an Assistant Principal at Goose Creek High School throughout the 2014-2015 school year. As a school administrator, BCSD policy required that Spitulski also have knowledge of the district's procedures regarding sexual harassment and inappropriate conduct of a sexual nature and to understand how to address and/or investigate such concerns.

28. As a school administrator, Spitulski was also required to report and investigate any and all sexual harassment or inappropriate misconduct among students and teachers on the premises at the high school.

29. As Assistant Principal, Spitulski was invested by BCSD with the duty to supervise all employees, including Herman, and possessed the authority and ability to immediately confer with

8

the superintendent and/or take immediate action regarding administration and staff misconduct concerns.

30. Throughout the 2014-2015 school year, Spitulski observed Herman communicate with Plaintiff by engaging her in intimate conversations and other inappropriate conduct on multiple occasions at Goose Creek High School. Prior to Plaintiff's interaction with Herman, Spitulski observed Herman engage other adolescent female students in intimate conversation and inappropriate conduct on the premises at Goose Creek High School.

31. In complete disregard of BCSD policy as a result of his individual actions and personal motivations, Spitulski never reported Herman's conduct toward Plaintiff, never initiated an investigation into Herman's conduct toward Plaintiff, failed to take any steps to remedy Herman's harassment of Plaintiff at Goose Creek High School, failed to report any misconduct concerns to the superintendent and/or take immediate action, and allowed Herman's harassment of Plaintiff to continue unchecked.

### D. BCSD knowledge of Herman and failure to take action.

32. From December 2014 to February 20, 2015, certain BCSD administrators and staff had knowledge of Herman's sexual discrimination and harassment toward Plaintiff and/or his prurient sexual interest in her. These individuals observed Herman's inappropriate behavior toward Plaintiff day after day on the premises at Goose Creek High School on numerous occasions, including:

    i. A Goose Creek High School Assistant Principal witnessed Herman isolate Plaintiff on the premises at Goose Creek High School on multiple occasions and remarked to Herman and Plaintiff that Herman was spending an inappropriate amount of time with Plaintiff at the school alone. No further action was taken;

    ii. A Goose Creek Assistant Principal observed and heard Herman communicate inappropriate comments of a personal and sexual nature

9

    toward Plaintiff and other adolescent females on multiple occasions at Goose Creek High School. No further action was taken;

iii. The same Goose Creek Assistant Principal entered Herman's office when Herman and Plaintiff were in the office alone outside school hours and subsequently reviewed and discussed the content of Plaintiff's personal files with no educational or academic purpose or grounds to do so;

iv. A Goose Creek High School Health teacher and coach habitually allowed Herman to excuse Plaintiff from class for no disciplinary or educational purpose, thereby isolating Plaintiff with Herman;

iv. Goose Creek High School teachers and a school counselor observed Herman repeatedly direct Plaintiff to his office and, upon information and belief, heard Herman conversing with Plaintiff at length in Herman's office concerning subjects of a personal and private nature that bore no disciplinary or educational purpose;

v. On information and belief, a BCSD staff member walked in on Herman in Herman's office when Herman was engaging Plaintiff in sexual conduct on February 20, 2015;

vi. Administrators and staff allowed Herman to assume various duties and responsibilities for no disciplinary or educational purpose thereby enabling Herman to have contact with Plaintiff; and

vii. Administrators and staff observed Herman regularly wait for Plaintiff outside of her classrooms and follow Plaintiff on the premises at Goose Creek High School for no disciplinary or educational purpose;

33. At all times BCSD employees, Goose Creek High School administrators and staff, failed to report Herman's misconduct toward Plaintiff and his prurient sexual interest in her in violation of BCSD policies and procedures for staff misconduct and employee sexual discrimination and harassment toward students:

> Any employee who believes that he/she has witnessed inappropriate conduct of a sexual nature toward an employee or a student must immediately report such a situation to his/her immediate supervisor or principal…All administrators/supervisors/contact persons will initiate an investigation of any incident or alleged sexual harassment or inappropriate conduct of a sexual nature reported to them or observed by them in consultation with the district's Title IX

10

Coordinator. BCSD Policy AR GBAA-R Employee Sexual Discrimination and Harassment- Issued 3/8/05; Revised 7/10/07.

34. At all times BCSD administration and staff who had actual knowledge of Herman's harassment and discrimination toward Plaintiff were persons designated by BCSD with the duty to supervise Herman and were equipped with the power to take action to end Herman's behavior toward Plaintiff- namely by investigating Herman's misconduct, initiating a disciplinary review, or immediately commencing probationary and/or suspension proceedings to protect students.

35. BCSD administration and staff contributed to and fostered an environment at Goose Creek High School that enabled Herman to continue to harass and discriminate Plaintiff without consequence.

36. In accordance with BCSD policies and procedures governing staff conduct and employee discrimination and harassment, Goose Creek High School administrators and staff who witnessed first-hand Herman's harassment, misconduct, and prurient sexual interest in Plaintiff were persons designated by BCSD who are required to report and investigate inappropriate behavior and sexual misconduct between a student and employee on the premises at Goose Creek High School.

37. Upon information and belief, certain BCSD administration and staff members knew of Herman's predilection for engaging in misconduct with students in satisfaction of his prurient sexual interest in adolescent female students throughout his employment at BCSD since 2006.

38. No actions were taken by BCSD to investigate, prevent, or in any fashion mitigate or reduce Herman's contact with Plaintiff or his prurient sexual interest in her on or before February 20, 2015.

**FOR A FIRST CAUSE OF ACTION**
**AS TO MCBRIDE AND SPITULSKI**
**(42 U.S.C. § 1983- Supervisory Liability)**

39. The allegations of the preceding paragraphs are incorporated and alleged as if fully set forth herein.

40. This cause of action, pursuant to 42 U.S.C. § 1983, is directed against McBride and Spitulski in their individual capacities, acting under the color of state law and within the course and scope of their official duties as administrators and principals at Goose Creek High School.

41. Plaintiff has a substantive due process right to bodily integrity, cognizable under the Fourteenth Amendment to the United States Constitution, and a right and interest to be free from sexual discrimination, harassment, and government created dangers and harm at Goose Creek High School.

42. McBride and Spitulski were administrative officials invested with authority by BCSD to take action against all Goose Creek High School employees, including Herman, to initiate investigations into any incidents of alleged sexual harassment or inappropriate conduct of a sexual nature reported to or observed by them in consultation with the BCSD Title IX Coordinator.

43. At all times relevant herein, McBride and Spitulski had actual or constructive knowledge that Herman was engaged in conduct with Plaintiff that posed a pervasive and unreasonable risk of constitutional injury to her.

44. McBride and Spitulski acted at all times with deliberate indifference to Plaintiff's constitutional rights and tacitly authorized Herman's offensive practices against Plaintiff. At no time did McBride or Spitulski initiate any investigation into Herman and his conduct with Plaintiff or report the conduct to the BCSD Title IX Coordinator.

45. A direct and affirmative causal link exists between McBride and Spitulski's deliberate indifference and Plaintiff's resulting physical, emotional, and constitutional injuries.

46.     As a direct and proximate result of McBride and Spitulski's deliberate indifference to and tacit authorization of Herman's sexual harassment and discrimination of Plaintiff, Plaintiff has suffered and continues to suffer irreparable physical and emotional harm and is entitled to actual and punitive damages in amounts to be determined by the trier of fact.

## FOR A SECOND CAUSE OF ACTION
## AS TO MCBRIDE AND SPITULSKI
### (42 U.S.C. § 1983 – State Created Danger)

47.     The allegations of the preceding paragraphs are incorporated and alleged as if fully set forth herein.

48.     This cause of action under federal law pursuant to 42 U.S.C. § 1983 is directed against Defendants McBride and Spitulski in their individual capacities acting under the color of state law and within the course and scope of their employment at BCSD.

49.     McBride and Spitulski, acting under the color of state law, heightened the risk of private danger to Plaintiff at Goose Creek High School, and did so directly through affirmative acts that increased the opportunity of contact between Herman and Plaintiff on school grounds. Spitulski aided and abetted Herman in Herman's pursuit of his prurient interest in Plaintiff on school grounds and provided Herman a cover of propriety under which Herman was able to operate in order to carry out actions that violated Plaintiff's constitutional and substantive due process rights. Likewise, McBride observed and identified Herman threatening Plaintiff's constitutional and substantive due process rights on school grounds and increased the risk that Herman would again violate Plaintiff's rights because McBride, a person known to Herman to be responsible for the investigation of incidents of alleged sexual harassment or inappropriate conduct, trivialized Herman's conduct toward Plaintiff and created an environment at the school that allowed Herman to pursue his prurient interest in Plaintiff without consequence.

50. At all times relevant herein, Defendants McBride and Spitulski had actual or constructive knowledge that Herman posed a specific and serious threat of harassment and discrimination toward Plaintiff.

51. McBride and Spitulski knew or should have known that their actions specifically endangered Plaintiff and her right to be free from sexual discrimination, harassment, and government created dangers and harm at Goose Creek High School.

52. As a direct and proximate result of McBride and Spitulski's actions in increasing and substantially enhancing the serious risk that Plaintiff would be victimized by Herman by sexual harassment and discrimination, Plaintiff has suffered and continues to suffer tremendous and irreparable emotional and mental harm and is entitled to actual and punitive damages in amounts to be determined by the trier of fact.

**FOR A THIRD CAUSE OF ACTION**
**AS TO HERMAN**
**Deprivation of Plaintiff's Fourteenth Amendment Right**
**Equal Protection and Freedom from Sexual Harassment in Educational Setting**
**(42 U.S.C. § 1983)**

53. The allegations of the preceding paragraphs are incorporated and alleged as if fully set forth herein.

54. This cause of action under federal law is asserted against Herman in his individual capacity acting under the color of state law in the course and scope of his employment and duties at Assistant Principal at Goose Creek High School.

55. Plaintiff was sexually discriminated against and harassed by Herman because of her sex at Goose Creek High School. Herman was aware of the known and obvious risk of his sexual discrimination and conduct toward Plaintiff, but nevertheless proceeded in conscious and unreasonable disregard of the consequences and Plaintiff's rights.

56.     Herman's harassment of Plaintiff was sufficiently severe or pervasive to interfere unreasonably with Plaintiff's educational activities at Goose Creek High School. Herman's conduct toward Plaintiff in a public school setting shocks the conscience.

57.     As a direct and proximate result of the sexual harassment and hostile environment Herman caused Plaintiff to endure and suffer, Plaintiff has suffered and continues to suffer irreparable physical and emotional harm and is entitled to actual and punitive damages in amounts to be determined by the trier of fact.

**FOR A FOURTH CAUSE OF ACTION**
**AS TO BERKELEY COUNTY SCHOOL DISTRICT**
**Violation of Title IX of the Education Amendments of 1972**
**(20 U.S.C. §§ 1681-1688)**

58.     The allegations of the preceding paragraphs are incorporated and alleged as if fully set forth herein.

59.     BCSD is a public school system owned and operated by the state of South Carolina. It receives federal financial assistance for the benefit of Goose Creek High School.

60.     Accordingly, BCSD is required to comply with and enforce Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) which provides in relevant part:

> "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

61.     Title IX applies to all education programs and activities at Goose Creek High School including all academic, educational, extracurricular, athletic, and other program operations on its premises.

62.     Since 2013, Plaintiff has been enrolled as a student at Goose Creek High School where BCSD officials including Goose Creek High School administration and certain staff members are

15

designated and equipped with the authority to address alleged sexual discrimination or harassment and abuse occurring on its premises under Title IX.

63.     BCSD officials including Goose Creek High School administration and certain staff members are designated persons also authorized to institute or take corrective measures to investigate, prevent, mitigate, or otherwise reduce sexual discrimination or harassment and abuse from occurring or continuing on the high school premises:

> Any employee who believes that he/she has witnessed inappropriate conduct of a sexual nature toward an employee or a student must immediately report such a situation to his/her immediate supervisor or principal…All administrators/supervisors/contact persons will initiate an investigation of any incident or alleged sexual harassment or inappropriate conduct of a sexual nature reported to them or observed by them in consultation with the district's Title IX Coordinator.

BCSD Policy AR GBAA-R Employee Sexual Discrimination and Harassment- Issued 3/8/05; Revised 7/10/07.

64.     Between December 2014 and February 2015, BCSD officials including administration and certain staff members McBride and Spitulski, were persons designated by BCSD with the authority and duty to address and investigate sexual discrimination, harassment, and abuse under Title IX and institute corrective measures.

65.     Between December 2014 and February 2015, BCSD officials including administration and certain staff members McBride and Spitulski were persons invested by BCSD with the duty to supervise Herman on the premises at Goose Creek High School.

66.     Between December 2014 and February 2015, BCSD officials including administration and certain staff members McBride and Spitulski had actual knowledge of Herman's discrimination, harassment, and abuse toward Plaintiff based on her sex at Goose Creek High School.

67.     At all times between December 2014 and February 2015, BCSD officials including administration and certain staff members McBride and Spitulski, failed to respond to Herman's

discrimination toward Plaintiff and failed to address or investigate Herman's discrimination, harassment, and abuse of Plaintiff.

68. Between December 2014 and February 2015, BCSD officials, including McBride and Spitulski, had actual knowledge of Herman's prurient sexual interest in and behavior toward adolescent females, including Plaintiff, and acted with deliberate indifference toward Plaintiff and Herman's sexual discrimination, harassment, and abuse toward her. Predictably, BCSD officials' deliberate indifference caused Plaintiff to endure Herman's sexual harassment, discrimination, and abuse, made her more vulnerable to it, and made her more likely to experience it.

69. BCSD's deliberate indifference toward Plaintiff and Herman's sexual discrimination, harassment, and abuse toward her was clearly unreasonable in light of the circumstances known to BCSD officials between December 2014 and February 2015 and shocks the conscience.

70. Herman's discrimination, harassment, and abuse of Plaintiff at Goose Creek High School was severe, pervasive, objectively offensive, created a hostile environment and has deprived Plaintiff of educational opportunities and benefits, causing her to suffer constitutional injury.

71. As a direct and proximate result of BCSD's deliberate indifference to Herman's sexual discrimination and abuse of Plaintiff, Plaintiff suffered personal injuries, emotional harm, pain and suffering, shame, humiliation, emotional distress, and loss of enjoyment of life.

72. Plaintiff is entitled to a monetary award by way of compensatory and punitive damages to be determined by the trier of fact and attorneys' fees for the cost of bringing this action.

**WHEREFORE**, Plaintiff Jane Doe hereby requests a trial by jury on all of issues presently raised or which may be raised in any of the pleadings hereafter. Plaintiff further seeks judgment against the Defendants and respectfully requests the following:

       i.    Actual and consequential damages as to each independent cause of action;

    ii.    Punitive damages in an amount to be determined by the jury;

    iii.    Injunctive relief to enjoin the Defendants from failing to report to law enforcement information received about sexual misconduct and harassment that occurs on the campus Goose Creek High School, including requiring Goose Creek High School to report past unreported instances of abuse occurring at the high school;

    iv.    Costs and reasonable attorneys' fees against Defendants McBride and Spitulski pursuant to 42 U.S.C. § 1988 and other applicable law for deprivation of Plaintiff's rights under 42 U.S.C. § 1983 and for violations of Title IX, 20 U.S.C. § 1681;

    v.    And such other and further relief as the Court and jury deem just and proper.

**PIERCE, HERNS, SLOAN & WILSON**
321 East Bay Street
P.O. Box 22437
Charleston, SC  29413
(843) 722-7733

*/s/ Carl E. Pierce, II*_____
Carl E. Pierce, II (Fed. Bar ID No. 3062)
Louis P. Herns (Fed. Bar ID No. 1841)
Benjamin C. Smoot, II (Fed. Bar ID No. 11801)

**PETER DAVID BROWN, P.A.**
749 Johnnie Dodds Boulevard, Suite A
Mount Pleasant, SC 29464
(843) 971-0099

November 30, 2015
Charleston, South Carolina